UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAVIER SOLORIO ALVAREZ,

Petitioner,

v.

Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Patrick DIVVER, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; Christopher LAROSE, Senior Warden, Otay Mesa Detention Center; Sirce OWEN, Acting Director of the Executive Office for Immigration Review (EOIR), U.S. Department of Justice; Todd BLANCHE, Acting Attorney General, U.S. Department of Justice; Does 1-2,

Respondents.

Case No.:  26-cv-4091-GPC-MMP

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

On July 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1. For the reasons outlined below, the Court GRANTS the petition in part and ORDERS Respondents to provide Petitioner with a bond hearing within ten (10) days.

//

//

1

26-cv-4091-GPC-MMP

## BACKGROUND

Petitioner is a citizen of Mexico who has resided in the United States continuously since 2010. ECF No. 1, ¶¶ 24, 34. On July 3, 2026, Respondents detained Petitioner in Vista, California, and he remains detained at the Otay Mesa Detention Facility. *Id.* ¶ 3. Respondents have not provided Petitioner with any bond or custody hearing, instead stating that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). *Id.* Petitioner has filed this petition seeking immediate release or, alternatively, a constitutionally adequate bond hearing. *Id.* at 18-19.

## DISCUSSION

In response to the order to show cause, Respondents maintain that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). ECF No. 4, at 2. However, Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), though they note that the Ninth Circuit has stayed *Maldonado Bautista*'s application beyond the Central District of California. ECF No. 4, at 2. Nonetheless, Respondents concede that courts in this District have been directing bond hearings pursuant to 8 U.S.C. § 1226(a) in cases like Petitioner's. *Id.* As such, Respondents do not oppose an order directing a bond hearing be held under 8 U.S.C. § 1226(a). *Id.*

In light of the plain text of § 1225(b)(2)—which requires mandatory detention for "applicant[s] for admission" who are "seeking admission"—and the government's previous longstanding practice of applying § 1226(a) rather than § 1225(b)(2) to noncitizens like Petitioner who are detained in the interior of the United States and have resided here for years, the Court concludes that Petitioner's detention is governed by § 1226(a) rather than § 1225(b)(2). *See Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1176-78 (S.D. Cal. 2026); *Lagarda-Vega v. Noem*, No. 3:25-CV-02970-GPC-DDL, 2025 WL 3558931, at *3-*7 (S.D. Cal. Dec. 11, 2025).

26-cv-4091-GPC-MMP

In so finding, the Court determines that a bond hearing is the appropriate remedy in this case. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) instead of provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1082 (S.D. Cal. 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time. [1]

## CONCLUSION

It is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus is GRANTED in part.

2. Respondents SHALL provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. At such hearing:

    a. Petitioner will bear the burden of demonstrating by a preponderance of the evidence that he is not a flight risk or danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

    b. The immigration judge SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

    c. The immigration judge SHALL weigh the factors outlined in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). *See Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024).

---

[1] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 20. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.

26-cv-4091-GPC-MMP

d. The immigration judge SHALL consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

e. Respondents SHALL make a complete record of the bond hearing available to Petitioner and his counsel.

3. Respondents SHALL file a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;

4. Respondents SHALL NOT transfer Petitioner from this district pending his bond hearing;

5. The Clerk of Court SHALL enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated:  July 24, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-cv-4091-GPC-MMP